IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HENRY HERNANDEZ-GARCIA, | ) | |
| BOP Prisoner No. 02680-506, | ) | |
|    Movant, | ) | |
| | ) | CIVIL ACTION NO. 1:23-00357-TFM-N |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:22-00007-TFM-N-4 |
|    Respondent. | ) | |
| | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Henry Hernandez-Garcia, a federal prisoner proceeding without counsel (*pro se*), has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 139)[1] challenging the Court's judgment entered against him in the above-styled criminal action. (Doc. 116). Hernandez-Garcia certifies delivery of his motion for mailing on August 30, 2023. (Doc. 139, PageID.617).[2] Hernandez-Garcia's motion was referred to the undersigned Magistrate Judge for appropriate action pursuant to S.D. Ala. GenLR 72(b); (electronic reference 9/19/2023).[3]

Hernandez-Garcia initially filed his motion directly with the Eleventh Circuit Court of Appeals. *See In re: Henry Hernandez-Garcia*, USCA11 No. 23-12951. (Doc.

---

[1] All "Doc." citations herein refer to the docket of the above-noted criminal action.

[2] Under the prison mailbox rule, court filings by pro se inmates are deemed filed on the date delivered to prison authorities for mailing. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

[3] Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under § 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts (hereinafter, the "§2255 Rules"). (Doc.

139-1). On review, the Eleventh Circuit transferred the action to this Court pursuant to Fed. R. App. P. 22(a) on September 8, 2023. (Doc. 139-2). Pursuant to Rule 4(b) of the § 2255 Rules:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

The undersigned has conducted an initial review, and it appears plain from the face of Hernandez-Garcia's motion that he is not entitled to relief because his direct appeal remains pending before the Eleventh Circuit. *See USA v. Henry Hernandez-Garcia,* USCA11 No. 22-14121. Under binding precedent, "a defendant may not seek collateral relief while his direct appeal is pending." *United States v. Khoury,* 901 F.2d 975, 976 (11th Cir. 1990) (citation omitted). *See United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) (per curiam) ("[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief") (citations omitted)); *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968)[4] ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."). The operative motion makes only a cursory assertion that Plaintiff's appointed counsel was ineffective because "his workload made it impossible to fight a good case for me." (Doc. 139, PageID.609). This is not an extraordinary

---

[4] The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2

circumstance sufficient to overcome the general rule noted above. *Khoury*, 901 F.2d at 976. In sum, the motion is premature, this Court lacks jurisdiction to entertain it at this time and it is due to be dismissed. However, should Hernandez-Garcia pursue collateral relief at the appropriate time, any § 2255 motion submitted would not be second or successive. *See Casaran-Rivas*, 311 F. App'x at 274.

Upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** Hernandez-Garcia's § 2255 motion (Doc. 139) be **DISMISSED without prejudice** as premature, in accordance with biding precedent. *Khoury,* 901 F.2d at 976; *Welsh*, 404 F.2d at 333.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 2nd day of October 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**