**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HENRY HERNANDEZ-GARCIA, BOP** | ) | |
| **Prisoner No. 02680-506,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CRIM. ACT. NO. 1:22-cr-7-TFM-N** |
| | ) | **CIV. ACT. 1:23-cv-357-TFM-N** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

On October 2, 2023, the Magistrate Judge issued a Report and Recommendation which recommends the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be dismissed without prejudice as premature.  *See* Doc. 140.  Petitioner Henry Hernandez-Garcia ("Petitioner") filed his objections on October 16, 2023 (received on October 23) and the United States filed its response to the objections on November 6, 2023.  *See* Docs. 142, 143.  Therefore, the matter is ripe for review.

An additional relevant point is that after the issuance of the Report and Recommendation, on October 20, 2023, the Eleventh Circuit issued an opinion affirming the conviction and sentence and the mandate was issued on November 20, 2023.  *See* Docs. 141, 146.  Petitioner objects to the Report and Recommendation saying that the § 2255 petition was not premature because his appear was done.  Doc. 142.  He attaches as evidence the letter he received from his defense counsel dated March 17, 2023, which indicated that a no-merit *Anders* brief had been filed in the appeal and advising Petitioner of his right to file a *pro se* brief in his appeal.  *Id*.  The United States responds to the objections noting that the conviction is not final until the writ of certiorari expires.  Doc. 143.

A conviction becomes final for purposes of § 2255 when the time for filing a petition for a writ of certiorari expires. *Clay v. United States*, 537 U.S. 522, 525 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002); *see also* Sup. Ct. R. 13 (providing 90 days after the entry of the judgment to seek certiorari review).  "[A] collateral attack is generally inappropriate if the possibility of further direct review remains open[.]"  *United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) (quoting *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999)).

Therefore, after due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation (Doc. 140) is **ADOPTED** as the opinion of this Court.  Accordingly, it is **ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 139) is **DISMISSED without prejudice as premature**.  Nothing in this order precludes Petitioner from refiling once his direct appellate timeline has fully passed.

The Court further finds that Petitioner is not entitled to a Certificate of Appealability. Additionally, 28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981).  Stated differently:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.

This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

The Court further certifies that any appeal would be without merit and not taken in good faith and therefore, Petitioner is not entitled to proceed *in forma pauperis* on appeal.

Final judgment shall issue separately in accordance with this order and Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 25th day of January, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE